IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORY P.,[1] | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-1222-X-BV |
| | § | |
| FRANK BISIGNANO, Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Under Special Order 3-350, this case was automatically referred to the undersigned magistrate judge. *See* Dkt. No. 3. For the reasons explained below, the magistrate judge recommends that the United States District Judge **GRANT** the Commissioner's unopposed motion to reverse the decision of the Administrative Law Judge (ALJ) under the fourth sentence of 42 U.S.C. § 405(g) and remand this case for further proceedings.

**1. The Commissioner seeks remand under the fourth sentence of § 405(g).**

Section 405(g) permits two types of remand orders—orders under the fourth sentence and orders under the sixth sentence. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Commissioner seeks remand under the fourth sentence, which "authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

[Commissioner], with or without remanding the cause for a rehearing,'" based on the pleadings and transcript of the record. *Id.* (quoting § 405(g)). A remand under the fourth sentence "requires the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08–CV–2042–N (BF), 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010) (citing *Melkonyan*, 501 U.S. at 98), *R. & R. adopted by* 2010 WL 2944782 (N.D. Tex. July 22, 2010).

Here, Plaintiff complains that the Administrative Law Judge (ALJ) inadequately explained the reasons for determining that a medical opinion was unpersuasive and failed to consider all evidence underlying Plaintiff's 100-percent disability rating from Veterans Affairs. Dkt. No. 11 at 4. Although the Commissioner does not indicate which of these alleged error requires remand, he asks the Court for an order reversing and remanding the case to "offer [Plaintiff] an opportunity for a hearing, take further action to complete the administrative record[,] and issue a new decision." Dkt. No. 14 at 1. Plaintiff does not oppose this request. *Id.* Under these circumstances, remand under the fourth sentence of § 405(g) is appropriate. *See Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (providing under that sentence that a district court may remand a case for rehearing and "such a remand order is a 'judgment' in the terminology of § 405(g)").

**2. The district judge should grant the Commissioner's motion.**

Given the Commissioner's position, the undersigned recommends that the United States District Judge **GRANT** the Commissioner's unopposed motion, **REVERSE** the Commissioner's decision, and **REMAND** the case to the Commissioner for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

**3. The parties have the right to object.**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

Dated: October 6, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**